United States District Court
Southern District of Texas
**ENTERED**
July 17, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JOSHUA ALEXANDER CABRERA, §<br>§<br>Plaintiff, §<br>v. §<br>§<br>PENSKE TRUCK LEASING CO. L.P., §<br>*et al.*, §<br>§<br>Defendants. § | CIVIL ACTION NO. H-25-1046 |

**MEMORANDUM AND OPINION**

This dispute arises out of a tractor-trailer crash. Joshua Alexander Cabrera sued Penske Truck Leasing Co., L.P. for negligence after the steering wheel in the tractor he was driving locked up, causing him to run off the road and hit a ditch. Penske has moved for summary judgment. (Docket Entry No. 23). Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion for summary judgment. The reasons for this ruling are below.

I.    **Background**

On March 18, 2022, Penske leased a 2018 Freightliner tractor-trailer to Standard Logistics, LLC, under a Vehicle Lease Service Agreement. (Docket Entry No. 23-1 at 11). The Agreement stated that Penske would ensure that the tractor was properly maintained and that if it became disabled for any reason, Standard should notify Penske. (*Id.* at 12). Penske would then repair the tractor "with a reasonable period of time after receipt of notification." (*Id.*).

Approximately a week before the accident that forms the basis for this case, Cabrera, a Standard employee, told his supervisor, Sunrise Sanchez, as well as Carlos Salazar, a manager, that the tractor was pulling to the right. (Docket Entry No. 24-2 at 17). Cabrera testified that

Salazar told him that he (Salazar) would let Penske know that the tractor needed maintenance. (*Id.* at 17–18). Cabrera testified that Sanchez also told him that he would speak to Salazar about the steering wheel issue. (*Id.* at 18).

Sanchez testified that after talking to Cabrera about the issue, Sanchez test-drove the tractor and confirmed that the steering locked up while driving. (Docket Entry No. 24-3 at 13). Sanchez tagged the tractor as out-of-service and looked through the repair records on the vehicle. (*Id.*). He testified that the records showed that it was three months late for service by Penske. (*Id.*). Sanchez informed Salazar of the tractor's issues, but Sanchez could not testify as to whether Salazar then told Penske that the tractor was tagged as out-of-service. (*Id.* at 22, 37).

On August 16, 2023, within a week after Sanchez tagged the tractor as out-of-service,[1] Cabrera was driving it on an interstate highway in Huntsville, Texas. (Docket Entry No. 24-2 at 20–21). The tractor steering wheel locked, forcing Cabrera off the highway and into a ditch. (*Id.* at 21; Docket Entry No. 23-2 at 3). Sanchez testified that he was not aware of any servicing by Penske in the few days between when he tagged the tractor as out-of-service and Cabrera's accident. (Docket Entry No. 24-3 at 15). Sanchez also testified that he had "no idea" how the tractor ended up back on the road after he had tagged it as out-of-service. (*Id.* at 16–17).

In January 2025, Cabrera sued Penske in state court.[2] (Docket Entry No. 1-6). Cabrera asserted claims for negligence against Penske, arguing that its acts and omissions included failing

---

[1] Cabrera testified that he reported the issues with the tractor-trailer to Salazar and Sanchez approximately a week before the accident. (Docket Entry No. 24-2 at 17). Sanchez testified that Cabrera's accident was "two or three days" after Sanchez pulled the vehicle out of service. (Docket Entry No. 24-3 at 14). There is no evidence as to the precise date of Cabrera's call or Sanchez's test drive.

[2] Cabrera also sued GAF Materials LLC and Ennis Roofing. The court later granted Cabrera's unopposed motion to dismiss GAF. (Docket Entry No. 16). Ennis Roofing was never served and has not participated in this case. At the initial conference, the court reviewed the issue of subject matter jurisdiction with the

to properly maintain the tractor in a safe operational condition. (*Id.* ¶¶ 6.1–6.4). Penske removed to this court and moved for summary judgment, arguing that (1) it had no notice of a steering issue, (2) Cabrera, not Penske, caused the accident, and (3) Cabrera's claims lacked expert support.[3] (Docket Entry Nos. 1, 23). Cabrera filed a response in opposition to the motion for summary judgment. (Docket Entry No. 24).

## II.    The Legal Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it 'might affect the outcome of the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). When considering a motion for summary judgment, the court "must consider all facts and evidence in the light most favorable to the nonmoving party"

---

parties, concluded it had subject matter jurisdiction over the case, and granted the motions to withdraw the motions to remand. (Docket Entry No. 14).

[3] Penske also argues that the court should grant it summary judgment on Cabrera's negligence claims based on the tractor's lack of airbags. (Docket Entry No. 23 at 18). Cabrera's response clarifies that he is not asserting any claims based on airbags. (Docket Entry No. 24 at 8). The court does not address this issue further. In addition, Penske argues that Cabrera's claims fail because they implicate the Graves Amendment. (Docket Entry No. 23 at 22). In his response, Cabrera argues that Penske waived any defense based on the Graves Amendment by failing to raise this issue until the summary judgement stage and that, in any event, the Graves Amendment does not bar this claim. (Docket Entry No. 24 at 8). Penske does not respond to this argument in its reply brief. (*See generally* Docket Entry No. 25). Because Cabrera eschews any claim based on the lack of airbags and because the Graves Amendment is ultimately irrelevant to the outcome of this case, the court does not address these issues further.

and "must draw all reasonable inferences in favor of the nonmoving party." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and pointing to record evidence demonstrating that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(c). "When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is a dispute of material fact warranting trial.'" *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration adopted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quotation marks and quoting reference omitted). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotation marks and quoting reference omitted). Rather, the nonmovant "must identify specific evidence in the record and articulate the precise manner in which that evidence supports [its] claim." *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (alteration adopted) (quotation marks and quoting reference omitted).

The movant is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it]

4

has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. But "[i]f 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson*, 477 U.S. at 250).

## III.    Analysis

Cabrera alleges that Penske was negligent in maintaining the tractor.[4]  "The elements of a common-law negligence claim are (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). "The threshold inquiry in a negligence case is duty." *Id.* (quoting *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). "[T]he existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question." *Id.* (quoting *Phillips*, 801 S.W.2d at 525). "[I]f there is no duty, there can be no liability." *Doe 12 v. Baylor Univ.*, 336 F. Supp. 3d 763, 787 (W.D. Tex. 2018). Meanwhile, "[a] breach under Texas law is the 'failure to do that which a person of ordinary prudence would have done under the same or similar circumstances.'" *In re Stillwater Abbott Dev., LLC*, No. 24-30097-MVL7, 2026 WL 1293667, at *39 (Bankr. N.D. Tex. May 8, 2026) (quoting *Great Atl. & Pac. Tea Co. v. Evans*, 175 S.W.2d 249, 250–51 (1943)).

The court grants summary judgment to Penske. To succeed on his claims, Cabrera must first prove that Penske breached a legal duty that Penske owed to him by failing to maintain the tractor in safe condition. The parties agree that the relevant summary judgment inquiry as to these elements turns on notice. That is, Cabrera argues that Penske's argument that it did not have (or did not breach) any duty owed to Cabrera to fix the steering issue fails "as a matter of law" because

---

[4] The elements for a negligent maintenance claim are the same as one for general negligence. *Connell W. Trucking Co. v. Estes Express Lines*, No. EP-20-CV-312-KC, 2022 WL 5568428, at *5 (W.D. Tex. June 28, 2022).

5

"the evidence creates a fact issue on notice" as to whether Penske knew or should have known of the tractor's condition before the crash. (Docket Entry No. 24 at 4).

The court grants summary judgment to Penske because Cabrera has not identified competent summary judgment evidence demonstrating that Penske had notice of the issues with the tractor or otherwise failed to maintain the tractor; meanwhile, Penske has provided competent summary judgment evidence showing that the tractor was up-to-date on maintenance and that it had no notice of the steering issue that Cabrera discovered only approximately a week before his accident. In summary, Cabrera's evidence shows that Sanchez believed that Salazar would report the issue to Penske, not that Salazar did so.[5]  Cabrera's own testimony that Salazar told him that he had reported the issue to Penske is "textbook hearsay," *Bellard v. Gatreaux*, 675 F.3d 454, 461 (5th Cir. 2012), that cannot be used to prove that Salazar in fact reported the issue to Penske. Finally, Cabrera's evidence that the tractor was three months' overdue for maintenance comes from Sanchez's testimony that he had reviewed the paperwork for the vehicle.   But Cabrera has not provided the paperwork itself; all the court has is his testimony about those documents, which is inadmissible hearsay.  *See Martinez v. Abbott*, 796 F. App'x 196, 202 n.5 (5th Cir. 2019) ("Statements about the content of documents, however, are hearsay and inadmissible as summary judgment evidence.").

Meanwhile, Penske has provided extensive records showing that it regularly performed maintenance on the tractor and that the tractor was current on all required preventive maintenance. (Docket Entry No. 23-1 at 12, 21–50).  These records do not include any notations that Standard

---

[5] Cabrera also seemingly implies that when Sanchez tagged the truck as out-of-service, Penske should have gotten an electronic notification, but that is not Sanchez's testimony.  Rather, on the pages that Cabrera cites, Sanchez testified that it was Salazar's duty to report the issue to Penske and that his own actions tagging the truck as out-of-service primarily involved putting a physical sign on the tractor stating that it was out of service. (Docket Entry No. 23-3 at 19–24).

reported the steering wheel issue to Penske. (*Id.*).  That is sufficient for this court to grant summary judgment to Penske.  *See Perez v. Boecken*, SA-19-CV-0375-XR, 2020 WL 3452990, at *3 (W.D. Tex. June 23, 2020) ("Defendants have successfully pointed to Plaintiff's failure to adduce any evidence on this essential element [that CAB Transport failed to maintain or inspect the tractor-trailer involved in the collision]; they have also gone beyond their summary judgment obligation and produced evidence that negates the allegation that CAB Transport breached any duty to maintain or inspect the vehicle.").  Because the court grants summary judgment to Penske on the ground that Cabrera has failed to produce evidence that Penske breached a legal duty it owed him, the court need not reach Penske's additional arguments as to proximate cause.

## IV.    Conclusion

The court grants Penske's motion for summary judgment.  (Docket Entry No. 23).  Final judgment will be separately entered.

SIGNED on July 16, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge

7